Union Tubing Co. and others *v.* Patterson Co. and others.

(*Circuit Court, S. D. New York.* February 9, 1885.)

**1. Patents—Reissue.**

Reissued letters patent granted to Enoch Osgood, assignor, etc., July 30, 1872, for an improvement in process for rendering leather, etc., soft, flexible, and impervious to gas, are for the same invention described in the original, granted April 16, 1878, and valid.

**2. Same—Infringement.**

Such reissued patent is not infringed by the compound of glycerine, soap, borax, and sulphate of iron, as used by defendants in manufacturing their gas

tubing; the function of the glue in such compound being to make the tube gas-proof, of the glycerine to make it flexible, and of the other ingredients to cure the glue and glycerine so that they will not melt when subjected to heat.

In Equity.

*Wetmore, Jenner & Thompson,* for complainants.

*Benjamin F. Thurston* and *Wilmarth H. Thurston,* for defendant.

WALLACE, J.   The reissued letters patent granted to Enoch Osgood, assignor, etc., July 30, 1872, for an improvement in processes for rendering leather, etc., soft, flexible, and impervious to gas, and which are alleged to be infringed by the defendants, are for the same invention described in the original, and the defense so far as it rests upon the invalidity of the reissue is not tenable.   The specification of the original patent to Osgood, granted April 16, 1878, describes his invention as "a new and improved process of rendering leather, fibrous and porous materials, impervious to gas, preventing all gases from penetrating or escaping from such materials when made into bags, tubes, or other forms."   The specification proceeds:  "My invention relates to the use of glycerine for this purpose, and I carry out my invention as follows:   The substances to be rendered impervious are first wrought into the desired form.   When the articles are dry they are saturated with glycerine by immersion therein, or any process suitable therefor.   This treatment renders them impervious to gas, preventing either its escape therefrom or penetration thereinto."   The claim is:  "The herein described process of rendering leather, fibrous and porous substances, impervious to gas, preventing the penetration into or the escape of gas therefrom by the application thereto of glycerine, substantially as set forth."

In the specification of the reissue, the invention is described to consist "in treating or saturating the leather, skin, cloth, or other article to be rendered pliable and gas-tight, with glycerine.   The article to be prepared by my process is saturated by immersion in glycerine, with or without the aid of heat, or the glycerine may be rubbed in, or be applied by thorough brushing, or otherwise.   The substances to be rendered soft and pliable, and impervious, may or may not be first wrought into the desired form before being treated with glycerine."

The claims of the reissue are as follows:   (1) As a new article of manufacture, leather or skin, or their equivalent, saturated with glycerine, whereby said article is rendered impervious to gas, and soft and flexible, substantially as described.  (2) The herein described process of rendering diaphragms, tubes, and vessels of leather, skin, or other fibrous and porous material, impervious to gas, soft and flexible, by saturating or treating the same with glycerine, substantially as set forth.

The real discovery of Osgood was a new treatment of leather, etc., with glycerine.   He was not the inventor of glycerine.   He could not patent any undiscovered property of glycerine or a result merely.

Glycerine was discovered by Scheele in 1779. Upon the proofs, it seems that glycerine had never been applied by saturation to leather, etc., until Osgood applied it. If his new application of the article produced a new and useful result he was entitled to a patent for his process, or for the new product of his process, or for both the process and the product. What that process was is very clear. It was a treatment of leather, etc., by saturation with glycerine. The degree of saturation, if there are any degrees, is not pointed out unless by describing the result. The saturation may be effected by immersion or by any other process that will saturate the material. When the material is impervious to gas the treatment is complete. Osgood saw fit in his original patent to claim the process only. After the lapse of four years his right to claim the product has been abandoned and lost by laches. If there was any mistake or inadvertence it was apparent on first inspection of the claim.

The second claim in the reissue is no broader than the claim of the original, and is for the same invention. In the original the claim properly construed, as has been shown, was one for the process of treating leather, etc., by saturation with glycerine until it becomes impervious to gas. Unless the material is sufficiently saturated either by immersion or in some other way to be impervious to gas, the process described and claimed is not employed. All reference to the results of the process in the specification and the claims is superfluous and meaningless, except so far as the statement of the results produced enter into the description of the process, and serve to point out what extent of saturation is a necessary part of the process. According to the new claim the material must be saturated sufficiently, not only to render it soft and pliable, but also impervious to gas. If there is any difference between this and the claim of the original patent it is one which tends to narrow the claim.

The defendants are manufacturers of gas tubing, and make that article under several patents which they control. In making their tubing they use a wire spiral or core, which they cover with cotton braid oiled with boiled linseed oil. After it has become dry, the tube thus formed is immersed in a vessel containing a compound of glue, glycerine, soap, borax, and sulphate of iron. In this compound the function of the glue is to make the tube gas-proof, of the glycerine to make it flexible, and of the other ingredients to cure the glue and glycerine so that they will not melt when subjected to heat. The compound thus composed is not an infringement of the complainant's patent. It is not saturated with glycerine to the degree required by the patented process. It is not sufficiently saturated to render it impervious to gas, but is composed of an ingredient impervious to gas, which is treated with glycerine in order to make it pliable. Certainly, the cotton braid is not saturated with the glycerine so as to be impervious to gas; the treatment first applied to it of saturating it in boiled oil is calculated to prevent it from becoming saturated by the com-

pound with which it is next treated. That no amount of saturation of such material with glycerine would render it gas-tight is clearly shown by the proofs.

The bill is dismissed.